No. 10,342.

ERNST *v.* LAMB, ET AL.

Decided March 5, 1923. Extended time for filing petition for rehearing expired April 4, 1923.

On motion to dismiss writ of error.

*Motion Granted.*

1. CONSTITUTIONAL LAW—*Practice and Procedure—Rules.* The legislative act of March 3, 1913, giving the Supreme Court power to prescribe rules of practice and procedure, held not a delegation of legislative authority, and constitutional.

2. PRACTICE AND PROCEDURE—*Court Rules—Writ of Error.* Limitation of the time within which a writ of error may be brought, belongs to the category of procedure and may be fixed by the Supreme Court under authority conferred by the act of March 3, 1913, giving that court power to prescribe rules of practice and procedure.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Mr. GRANBY HILLYER, for plaintiff in error.

Mr. LEONARD ANDERSON, Mr. G. C. TWOMBLY, Messrs. ALLEN & WEBSTER, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANTS in error move to dismiss the writ under rule 16 of the Rules of 1917 (161 Pac. VIII) : "A writ of error shall not be brought after the expiration of two years from the rendition of the judgment complained of."

This rule was promulgated by this court under the authority of the act of March 3, 1913:

"The Supreme Court shall prescribe rules of practice and procedure in all courts of record and may change or rescind the same. Such rules shall supersede any statute in conflict therewith." S. L. 1913, p. 447.

Plaintiff in error, however, claims that S. L. 1911, p. 12, sec. 8, giving three years to bring error, governs the case and claims that said act of 1913 delegates legislative power and so is unconstitutional and that a statute of limitation is not within its terms.

This court has always been of the opinion, we believe unanimously so, that the act of 1913 was not a delegation of legislative authority. The regulation of its own practice and procedure has always been a matter for the court except so far as the legislature has interfered. See 15 C. J. 901. The act of 1913 restored that power which other legislatures had partially taken away and gave the added power to make rules for lower courts, just as other states have done, and as Congress gave the United States Supreme Court power to make rules in equity. 15 C. J. 904. We have, in effect, held this act valid whenever we have passed or enforced a rule governing the nisi prius courts, and all courts have been governed by its terms for ten years. Counsel are mistaken in supposing the matter has not been carefully considered. These questions were discussed deeply by the legislature and briefs were prepared by the ablest counsel. The American Bar Association has considered the matter and a number of states have adopted the system or something like it. But now the point is made that a limitation on the time within which error may be brought is not within the scope of this act, because neither a matter of practice nor procedure. We think otherwise. The original "Act Concerning Practice in Civil Cases," approved November 5, 1861, at § 47, reenacted under the title "Practice," in Rev. Stat. 1868, Ch. LXX, § 47, limits the writ of error, and is the model of the rule in question. With all matters con-

cerning writs of error, it was repealed by the Code of 1877, entitled "An Act to Provide a System of Procedure in Civil Actions" (which, however, contained a chapter regulating appeals). It was re-enacted as a part of the Code, in 1879, S. L. 1879, p. 229, § 38. Section 401 of the Civil Code of 1887 renewed it. The matter has been considered as within the term "practice," therefore, for a long time. Each of these sections, passed after 1878, was unconstitutional, if it did not relate to procedure, because not within the title of the act, "An Act to Provide a (or amend the) Code of Civil Procedure * * *." The section was incorporated in the revision of 1908, § 436, and was not taken out of the act concerning procedure till the "Act concerning Appeals and Writs of Error," passed in 1911.

Under the said Act of 1913, this court in 1914 adopted rules including the substance of this section (Rules 1914, p. 36, R. 14), and also limited writs of error to the court of appeals, (Id. p. 29, R. 50). Indeed said rule 50 was adopted January 8, 1912, *before* the act of 1913, under S. L. 1911, Ch. 107, § 6. "Such cases may be reheard in the supreme court by writ of error * * * under rules to be adopted by it." We have enforced the section in *Bates v. Woodward,* 66 Colo. 555, 185 Pac. 351. The only substantial changes in it have been in the time of the limitation.

With a history like the foregoing, covering sixty years, we cannot say that the limitation of a writ of error does not belong to the category procedure.

The question of our power by rule to limit actions in courts of original jurisdiction is not before us.

The writ must be dismissed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR not participating.