[Civil No. 3703.  Filed May 1, 1936.]

[57 Pac. (2d) 311.]

O. B. DeCAMP, Appellant, v. CENTRAL ARIZONA LIGHT & POWER COMPANY, a Corporation, Appellee.

Mr. L. C. McNabb and Messrs. Cox & Moore, for Appellant.

Messrs. Armstrong, Kramer, Morrison & Roche, and Messrs. Struckmeyer & Jennings, for Appellee.

LOCKWOOD, C. J.—On the 3d of March, 1934, O. B. DeCamp, hereinafter called plaintiff, filed an action for damages for libel against Central Arizona Light & Power Company, a corporation, hereinafter called defendant. The case was tried to a jury on November 20, 1934, and a verdict was returned in favor of plaintiff and against defendant in the sum of $35,000. Judgment on the verdict was duly rendered on December 5, 1934. On December 13th de-

fendant filed a motion for new trial, which was quite voluminous, but did not file at the same time a statement of the precise legal points relied upon in said motion, nor serve any copy of such statement upon opposing counsel, as required by subsection 5 of rule IV of the Uniform Rules of the Superior Court. On December 18th, plaintiff moved that the court make an order to the effect that defendant had waived its motion for a new trial by reason of its failure to observe the rule as above referred to. While this motion was being argued to the court and before a ruling had been made thereon, counsel for the defendant moved that the court suspend the operation of subsection 5, *supra,* and permit defendant to file a statement thereunder. The court thereupon made an order suspending the rule, but did not, in such order, state any reasons therefor. Thereafter, and on the 21st of December, defendant did file a statement of legal points. On December 27th the plaintiff moved to strike the statement on the ground that it was not filed until after the expiration of ten days from the date of the judgment. This motion was denied by the court. On January 3, 1935, the hearing on the motion for new trial came up and plaintiff again objected to the court entertaining it, on the ground that subsection 5, *supra,* had not been complied with. The objection was overruled and, after argument, the motion for new trial was taken under advisement until July 9, 1935, at which time it was granted. The reasons for granting the motion do not appear in the record. Notice of appeal from the order granting the new trial was immediately given, and the matter is before us on the question of whether, under the circumstances above set forth, the court erred in granting it.

It is apparent that the question turns upon the construction and effect of the Uniform Rules for the Superior Courts, adopted by this court and effective as of May 5, 1932. The particular portions of these rules which are before us for consideration are as follows:

"(5) When any demurrer, motion or similar pleading shall be filed, the party so presenting it shall at the same time file a statement of the precise legal point or points he relies upon, a copy of which statement must be served on opposing counsel in the usual manner. A brief in support of such statement may be filed and served in the same manner, and in such case the latter shall have ten days from the date of service to file an answering brief, which must be served in the same manner as the original, and a reply may be filed in like manner in five days after the answering brief has been filed, and the matter shall then be deemed submitted, unless the court shall require oral arguments thereon. A failure to file such statement will be considered by the court as a formal waiver of the demurrer, motion or other objection raised, and an order to that effect will be entered in the minutes. The statement filed will be deemed to raise all points covered by the pleadings to which it refers, and all matters not contained in such statement will be considered as waived." (Rule IV.)

"In specific instances justifying the same, any Superior Court may suspend the operation of any of these rules when harm or injustice would otherwise result. But in such case the fact of the suspension with the reason therefor shall be entered on the minutes of the Superior Court, and such suspension shall be subject to review by the Supreme Court for an abuse of discretion." (Rule X.)

In determining this appeal, it is necessary that we consider first the authority of this court to make rules both for its own guidance and for that of the inferior courts of the state. It is held almost universally that, in the absence of a constitutional or

statutory reason to the contrary, all courts have the inherent right to make rules for the regulation of their own practice and for the conduct of their business. *Fullerton* v. *United States Bank,* 1 Pet. 604, 7 L. Ed. 280; *In re Boyd's Estate,* 25 Cal. 511; 15 C. J. 901, and cases cited. This power is judicial and not legislative in its nature, as a general superintendence over this subject seems to be properly within the judicial province, and has always been so considered. *Wayman* v. *Southard,* 10 Wheat. 1, 6 L. Ed. 253. It, however, is not absolute but subject to limitations based on reasonableness and conformity to constitutional and statutory provisions. The legislature, in this field as well as in all other legislative matters, has the supreme authority, except in so far as any rules made by it may unreasonably limit or hamper the courts in the performance of the duties imposed upon them by the Constitution, or violate the provisions of article 3 of our Constitution, which reads as follows:

"The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."

The legislature of Arizona in 1901 specifically gave this court the rule making power and this has been carried forward in each Code until the one of 1928, where it appears as section 3652 thereof in the following language:

"*Rules of practice.* The supreme court may make and adopt rules of practice for said court and for the superior courts. The clerk of the court shall print and distribute such rules and the expense shall be paid out of the appropriation for the supreme court."

Pursuant to this statute, this court adopted the Uniform Rules for the superior courts of the state which included, among other things, the provisions above quoted. These rules, therefore, have the same force and effect as statutes so far as they are applicable to any case. But there is always this limitation thereto. In so far as there is a constitutional statute in regard to practice which provides for a certain method of procedure, that statute prevails over a rule made by the court which is in conflict therewith. And if there be any rule which is susceptible of two interpretations, one in harmony with the statute and the other in conflict therewith, this court will always give to it the former construction.

■■ Notwithstanding the fact that it has given the general rule making power to this court, the legislature from time to time adopted certain rules of procedure on points where it was of the opinion legislative regulation was necessary. Motions for new trials have been one of the particular objects of this solicitude, and in sections 3847 and 3848, Revised Code of 1928, it has set forth the grounds upon which a new trial may be granted in a civil case, and the manner in which the motion shall be presented, and what shall be considered by the court in passing upon it. Among the grounds upon which a motion may be made is the following:

"That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law." Subdivision 7, § 3847.

And in section 3848 a specific duty is imposed upon the court in regard to motions based upon this ground, in the following language:

"Upon the general ground that the verdict, decision, findings of fact, or judgment is not justified by the

evidence, the court shall review the sufficiency of the evidence.''

This, on its face, is an explicit and affirmative direction by the legislature that when a motion for a new trial is based on the ground that the verdict or judgment is not justified by the evidence, even though this allegation be general in its nature, it is the mandatory duty of the court to review the sufficiency of the evidence to sustain the verdict. We cannot say that a direction of this kind by the legislature is an unreasonable or unconstitutional hampering of the courts in the performance of their constitutional duty, and, such being the case, we have no power to make a rule which is in conflict with the statute. We must, therefore, hold either that subsection 5, *supra,* if it be construed as requiring anything more than the simple allegation set forth in the statute to cause the court to review the evidence on that ground, is void, or else must hold that the rule is not applicable to such a ground in a motion for new trial. In either case, the statute will govern.

■ Among the grounds set forth in the motion for new trial is the 13th:

''The verdict and judgment are not justified by, and are contrary to, the evidence in the case.''

·This is an allegation in strict conformity with subdivision 7 of section 3847, *supra,* and it was, therefore, the duty of the trial court to review the evidence to determine whether it was sufficient to sustain the verdict. It is the rule that where a new trial is granted and no reasons are assigned therefor, if there are any grounds urged in the motion which might sustain the order, we must presume that it was granted upon those grounds. Since the transcript of evidence does not appear in the record on this appeal, we

must assume that the court decided correctly that the evidence did not sustain the verdict.

It is contended that while it is true this court cannot make a rule which is in conflict with the statute, we may add additional requirements to its terms, just as while we may not admit a candidate to the bar until he has complied with the conditions laid down by the legislature, we may require further and greater qualifications than those which it has prescribed, and are not compelled to admit him merely because he has come up to the legislative standards. It is a general principle of constitutional law that even when a provision of the Constitution is self-executing, legislation may be desirable for the better protection of the right secured by the constitutional provision, and in such cases a legislature may add to the constitutional provision statutory ones which may have that effect. *But it may not by a statute curtail the right nor place any undue burden upon its exercise.* *Stevens* v. *Benson,* 50 Or. 269, 91 Pac. 577; *Reeves* v. *Anderson,* 13 Wash. 17, 42 Pac. 625; Cooley, Constitutional Limitation, 7th ed., p. 122; *Hickman* v. *City of Kansas,* 120 Mo. 110, 25 S. W. 225, 41 Am. St. Rep. 684, 23 L. R. A. 658.

If the statute governing motions for new trials, which we have just quoted, had been couched in negative terms and had stated that a motion should not be granted unless certain prerequisites set forth in the statute were complied with, it might be said that the statute was a limitation on and not a grant of rights to the applicant, and that we might still further limit his rights by rule. But the statute is not a *limitation,* but a *conferring* of rights. It does not say negatively "the court *shall not* consider certain points unless they are presented in a certain manner," but affirmatively "the court *must* consider cer-

tain points when they are presented in a certain manner.'' Following the principle that we will interpret rules as being in harmony rather than in conflict with statutes, we hold that subsection 5 of rule IV, *supra,* is not applicable to the particular portion of the motion for new trial to which we have referred, and the court had jurisdiction to grant the motion on that ground, without the filing of a statement of points as provided for in the rule.

But even assuming that the rule in question is designed for the better protection of the right secured by the statute, and that it does not curtail nor place any undue burdens on that right, we think there is another reason why the court did not err in denying plaintiff's motion and in granting that of defendant for a new trial. The purpose of subsection 5, *supra,* is apparent. It is meant to assist the trial judge by requiring that his attention shall be called to the precise legal questions which are presented for his determination, both in the course of the trial and after judgment, so that he may avoid error during the trial, or, if inadvertently it has been committed, may have the opportunity of correcting it without the delay and expense required by an appeal. If, then, a pleading on its face shows definitely and clearly the legal questions involved, it would be a work of supererogation to require counsel to file an additional document which would be in substance a mere repetition of matters already contained in the pleading. When a motion for new trial states on its face that one of the grounds upon which it is based is that the evidence does not sustain the verdict and judgment, we think the legal point involved in that ground is as precisely set forth as it would be possible to state it in a separate document. Anything added thereto would be merely in the nature of an argument, or a discussion

of the evidence to which the legal point was to be applied. Rules, like statutes, are to be construed reasonably to effect the purpose for which they were adopted, and since the precise legal point involved by the thirteenth ground of the motion for new trial appears on the face of the motion, we think it was not waived by failure to file a separate statement of points, even if the rule be construed as applicable to this particular portion of the motion. Such being the case, we need not consider the other questions raised on the appeal.

The order of the superior court is affirmed.

McALISTER and ROSS, JJ., concur.