## Burton et al. v. Mayer et al.

(Decided June 16, 1938.)

264

HUBERT MEREDITH, Attorney General, A. E. FUNK, Assistant Attorney General, HENRY J. TILFORD, TILFORD & WETHERBY, and RICHARD PRIEST DIETZMAN for appellants.

OLDHAM CLARKE, BALDWIN C. BURNAM, A. SCOTT HAMILTON, JAMES M. CUNEO, WALTER E. HUFFAKER, JOSEPH S. LAWTON, CHARLES W. MORRIS, H. O. WILLIAMS, and LAWRENCE S. GRAUMAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Sustaining motion.

This case is before us on the motion of the appellees for an immediate issuance of the mandate herein.

The opinion was delivered June 7, 1938, 274 Ky. 245, —— S. W. (2d) ——, sustaining the constitutionality of the "General Registration and Purgation Act" passed at the regular session of the General Assembly of 1938. The trial court was of the opinion that the act violated certain provisions of the State Constitution, and, as a consequence, enjoined the operation of the law.

In the ordinary course of events, our decision would not become final until the mandate of this Court issued and was filed in the circuit court. Under the provisions of Section 760 of the Civil Code of Practice, this event could not occur until at least thirty days, excluding Sundays, from the day on which the decision was rendered. That section provides "that no mandate shall issue, nor decision become final, until after thirty days, excluding Sundays, from the day on which the decision is rendered, unless the court, in delay cases, otherwise direct * * *." It thus appears that the operation of a valid law of the Commonwealth, determined by this Court to accord with the Constitution in all essential respects, is enjoined from effect through the interposition of a mere rule of practice embodied in the Civil Code of Practice.

As is pointed out in the original opinion herein, it is not for us to determine whether it is a good law or a bad law. It is enough that it is a valid exercise of Legislative power under the Constitution. It appears that, under the provisions of the Act, it is required that "the first two weeks of the sixty day period next preceding the date upon which the primary is to be held" are devoted to the making of a house-to-house canvass preliminary to the purging of the registration lists. This period has commenced to run and will have entirely expired by the end of the thirty days before our opinion becomes final. If there is no canvass, then there can be no orderly purgation of the lists. Thus the entire effectiveness of the law stands suspended through the operation of an injunction which we have already determined to have been improperly granted.

The circuit court can do nothing to correct the situation, for, until the mandate issues, the case remains in this Court, and the circuit court has no control over it. This court must accept the responsibility of taking action in the matter, if action is to be taken, and two questions are, therefore, immediately presented: (1) Should

the mandate be issued forthwith? and (2) Has this court the power so to issue its mandate in the face of Section 760 of the Civil Code of Practice?

The answer to the first question must obviously be in the affirmative. It is impossible to justify the suspension of a valid law by injunction for. one moment beyond the period necessary to secure a careful judicial determination of its constitutionality. In the ordinary case, no harm could arise from awaiting the expiration of the thirty-day period before an adjudication becomes final. It is made plain in the case before us, however, that if the will of the Legislature is to be given any effect at all, it must be put into operation now, and not some three or four weeks hence.

At the time when the motion for the immediate issuance of the mandate was made, counsel for appellees objected to it on the ground that they had not yet had an opportunity to study the opinion and to consider the advisability of filing a petition for rehearing. We considered this to be a legitimate objection and have, for this reason, postponed consideration of the motion until today. We think that a fair time has elapsed for a conclusion to be reached upon any questions that may have been provoked by our decision, and we think it is but fair to appellants that they be not further delayed in the administration of the law. Appellees may still have the full time provided to file a petition for rehearing if they desire to do so.

We are thus brought to the second question, viz: Has this Court the power to issue its mandate in the face of Section 760 of the Civil Code of Practice?

Section 109 of the State Constitution vests the "judicial power" of the Commonwealth "in the senate when sitting as a court of impeachment, and one supreme court (to be styled the court of appeals) and the courts established by this Constitution." The separation of the judicial power from the executive power and the legislative power was not merely a matter of convenience. The three branches of government are coordinate and yet each, within the administration of its own affairs, is supreme. The grant of the judicial power to the courts carries with it, as a necessary incident, the right to make that power effective in the *administration* of justice under the. Constitution. Capps v. Gore, 231 Ky. 185, 21 S. W. (2d) 266; Commonwealth

ex rel., etc., v. Harrington, 266 Ky. 41, 98 S. W. (2d) 53; In re Sparks, 267 Ky. 93, 101 S. W. (2d) 194. Rules of practice and procedure are, fundamentally, matters within the judicial power and subject to the control of the courts in the administration of justice. The courts accept legislative *co-operation* in rendering the judiciary more effective. They deny the right of legislative *dominance* in matters of this kind. Dowling, "The Inherent Power of the Judiciary," Vol. XXI, American Bar Association Journal, page 635.

So long as the rules of practice fixed by the Legislature accord with the proper and effective administration of justice, they should be, and they are, followed to the letter. No other rule will accord with the duty of each of the three branches of government so to coordinate its administration as to carry into effect the purposes of the Constitution. Where, however, a situation arises in which the administration of justice is impaired or the general rules of practice are unworkable, the duty undoubtedly rests on the courts to draw upon the reserve of their inherent power, not in the assertion of a domination over other co-ordinate branches of government, but in co-operation with the legislative and executive branches to carry out the purposes of the Constitution.

Deference for a valid act of the General Assembly which has become a law of the Commonwealth clearly requires that we exert our own power to make it effective even though in doing so we contravene a rule of practice generally accepted as binding. Appellees offer no reason in negation of this principle, and plant themselves on the terms of Section 760 of the Civil Code of Practice alone. We have, in special cases, refused to be bound by the provisions of that section heretofore. Clark v. Robinson, 159 Ky. 33, 166 S. W. 801, 805. It seems to us that the present case presents a situation where we should do so again.

The motion that the mandate issue immediately is sustained, without prejudice to the right of appellees to petition for a rehearing and the right of this court to recall its mandate should such petition for rehearing be sustained.

Whole court sitting.