[Civil No. 4536. Filed September 28, 1942.]

[129 Pac. (2d) 308.]

CARRIE BURNEY, Appellant, v. JOHN C. LEE, et ux., Appellees.

Mr. V. L. Hash, for Appellant.

Mr. John W. Ray, and Messrs. Cox & Cox, for Appellees.

LOCKWOOD, C. J.—John C. Lee and wife, plaintiffs, brought suit in the superior court of Maricopa county against Carrie Burney, defendant. Judgment was rendered in favor of plaintiffs, and defendant appealed to this court. Plaintiffs moved the court to dismiss the appeal on the ground that it was not taken within sixty days from the entry of judgment. Defendant resists the motion on the ground that she had six months within which to take the appeal.

The question is whether the appeal was timely. If it was, the motion should be denied. If it was not, it should be granted, for the time permitted to take appeals may not be extended. Sec. 21–327, Arizona Code 1939. Section 3661, Revised Code 1928, reads as follows:

"*Time for taking appeal.* An appeal may be taken from a final judgment of the superior court in a civil action, or special proceeding commenced in such court,

at any time within six months after the rendition of such judgment, and from any other judgment or order at any time within sixty days after the making of such order.''

The Supreme Court of Arizona in 1939 adopted the following rule, which was carried forward into the code of 1939 as section 21–1801:

"*Appeal to the Supreme Court.*—When an appeal is permitted by law to the Supreme Court, it shall be taken by notice filed with the superior court within sixty (60) days from the entry of the judgment or order appealed from, as provided by these rules.''

It is contended by plaintiffs that this rule superseded section 3661, *supra*. It is insisted by defendant that the rule did not and could not supersede the statute above set forth and that the time allowed for appeal is that set forth in the statute, and not that provided in the rule. The real question raised is whether the supreme court had the right to adopt the rule in question, notwithstanding the statute. If it did, the appeal must be dismissed. If it did not, the motion should be denied. The question is of such great importance to the practice of law in Arizona, involving as it does the question of the right to make rules of pleading, practice and procedure, that we think it best to depart from our ordinary custom of determining motions without written opinions, and to examine the question of the rule-making power *de novo*.

Article 3 of the Constitution of Arizona reads as follows:

"*Distribution of Powers.* The powers of the government of the state of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.''

Article 6, section 1, is in this language:

*"(Courts.)*—The judicial power of the state shall be vested in a Supreme Court, superior courts, justices of the peace, and such courts inferior to the superior courts as may be provided by law."

 It would appear from a reading of these two sections that if the power to make rules of practice and procedure governing the courts is a judicial one, that power is given by the Constitution exclusively to the courts. If, on the other hand, it is purely legislative in its nature it would apparently follow that the power rests solely in the legislative branch of the government. Let us examine the nature of this power. It has been held almost unanimously from time immemorial that courts have the inherent power to prescribe rules of practice and rules to regulate their own proceedings in order to facilitate the determination of justice, without any express permission from the legislative branch. *McDonald* v. *Pless,* 238 U. S. 264, 35 Sup. Ct. 783, 59 L. Ed. 1300; Rule 2, Dall. 411, 1 L. Ed. 437; *Byers* v. *Smith,* 4 Cal. (2d) 209, 47 Pac. (2d) 705; *People* v. *Callopy,* 358 Ill. 11, 192 N. E. 634; *State* v. *Roy,* 40 N. M. 397, 60 Pac. (2d) 646, 110 A. L. R. 1; *Ernst* v. *Lamb,* 73 Colo. 132, 213 Pac. 994; *De Camp* v. *Central Arizona L. & P. Co.,* 47 Ariz. 517, 57 Pac. (2d) 311, 313.

Our own decisions on this point are apparently somewhat in conflict. In *De Camp* v. *Central Arizona L. & P. Co., supra,* we have said:

". . . This power is judicial and not legislative in its nature, as a general superintendence over this subject seems to be properly within the judicial province, and has always been so considered. . . ."

While in *Re City of Phoenix,* 52 Ariz. 65, 79 Pac. (2d) 347, 352, we use the following language:

". . . If, in the proper exercise of this judicial power, it should be necessary, merely as auxiliary thereto and for the proper exercise of such power, for the courts incidentally to perform some acts *which are, strictly speaking, legislative in their nature, such as the making of rules of procedure* the better to carry out their constitutional powers, this would not be an invasion of the Legislative Department of the government. . . ." (Italics ours.)

The language in the latter case, however, designating the rule-making power as legislative was used merely as an illustration and is, strictly speaking, dictum. Upon a careful consideration of the authorities and of reason and logic, we think the rule-making power is essentially judicial in its nature. The majority of the states, however, have recognized for many years that notwithstanding the power is judicial, the legislature may exercise the rule-making power and that when it does the courts will bow to such authority, except in so far as the rules made by the legislature may "unreasonably limit or hamper the courts in the performance of the duties imposed upon them by the Constitution, or violate the provisions of article 3 of our Constitution." *De Camp* v. *Central Arizona L. & P. Co., supra.*

But regardless of whether the making of rules of procedure is strictly judicial or legislative in its nature, it is necessarily auxiliary to and only useful for the proper carrying out of the legitimate power of the judicial department. Just how far the rule-making power lies exclusively within the control of the courts, and just how far the legislative authority may interfere therein, it is not necessary for us to decide in this case, and we expressly reserve that matter for consideration if the necessity does later arise. The legislature, so far as it has the power to do so, has now left that matter exclusively to the Supreme Court

by chapter 8 of the Session Laws of 1939, which reads as follows:

## "An Act

"Relating to rules of pleading, practice, and procedure, and authorizing the supreme court to prescribe such rules for all courts.

"Be it enacted by the Legislature of the State of Arizona:

"Section 1. *Rules of pleading, practice and procedure.* The supreme court, by rules promulgated from time to time, shall regulate pleading, practice and procedure in judicial proceedings in all courts of the state, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. The supreme court shall cause the rules to be printed and distributed to all members of the state Bar of Arizona and to all persons who apply therefor, and they shall not become effective until sixty days after such distribution.

"Sec. 2. *State bar advisory board.* The state bar, or a representative group thereof selected by said bar, shall act as an advisory board and shall, either voluntarily or upon request of a majority of the judges of the supreme court, consult with, recommend to, or advise the court on any matter dealt with in the rules. Any member of the state bar or any private citizen may object in writing to any rule or part thereof and may request changes. The court shall consider such objections and requests as advice and information only and may act thereon at its discretion.

"Sec. 3. *Existing statutes deemed rules of court.* All statutes relating to pleading, practice and procedure, existing at the time this act takes effect shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated pursuant to this act."

By section 1 of that act the legislature expressly states that the Supreme Court shall regulate pleading, practice and procedure in all courts of the state. The constitutionality of such an act has been before the

courts at least thrice in this country. In the case of *In re Constitutionality of Section 251.18, Wisconsin Statutes,* 204 Wis. 501, 236 N. W. 717, 720, a statute practically identical with section 1 of chapter 8, *supra,* was under consideration, and it was urged that it was void in that it constituted a delegation by the legislature of its legislative power. The court, after reviewing the question at length, concluded:

"From the foregoing, it is concluded that the power to regulate procedure, at the time of the adoption of the Constitution, was considered to be essentially a judicial power, or at least not a strictly legislative power, and that there is no constitutional objection to the delegation of it to the courts by the Legislature."

The legislature of the state of New Mexico adopted an act containing provisions identical in language with sections 1 and 3 of chapter 8, *supra.* The court said, in the case of *State* v. *Roy, supra* [40 N. M. 397, 60 Pac. (2d) 659, A. L. R. 1], after reviewing authorities:

"The authorities clearly establish that· the power to regulate procedure is considered a judicial power, or at least that it is not considered to be a purely or distinctively legislative power. . . ."
"When the legislature enacted chapter 84, it merely withdrew from a field wherein it had theretofore functioned as a co-ordinate branch of our government with the court in the promulgation of rules of pleading, practice, and procedure. Whether the legislative branch of the government was ever rightfully in the rule-making field, or was a mere trespasser or usurper, need not now be determined. Chapter 84 is not a delegation of power. It is a mere abdication or withdrawal from the rule-making field. It is in effect a relinquishment of the rule-making field to the court. The Legislature, in effect, said to the court: 'You make the rules hereafter.' "

The Supreme Court of the State of Colorado, in *Ernst* v. *Lamb, supra,* construing a somewhat similar statute, also held that the act of the legislature was

not a delegation of power, but merely the withdrawal from the field in which it had previously exercised concurrent jurisdiction with the court.

We hold, therefore, that chapter 8, *supra,* was not unconstitutional as an unauthorized delegation of legislative power, but was merely a withdrawal by the legislature from the field in which it had at most merely concurrent power with the courts.

But, says defendant, even admitting this to be true, it does not necessarily follow that the court had the right to repeal an existing statute of the legislature, such as section 3661, *supra.* This is true, but the legislature itself expressly states in section 3 of chapter 8, *supra,* that all statutes relating to pleading, practice and procedure, which were in existence at the time chapter 8 took effect, should be considered to be rules of court only, and should remain in effect as rules until modified or suspended by rules promulgated by the court pursuant to the act. This is, in effect, a legislative repeal of existing statutes of procedure *to take effect at an undetermined but a determinable future time.* If the legislature has the power to repeal an existing act in this manner, then section 3661, *supra,* was repealed as of the date the supreme court promulgated a rule inconsistent therewith. The question of whether this may be done is answered in the case of *State* v. *Superior Court,* 148 Wash. 1, 267 Pac. 770, 774, in the following language:

"A minor attack upon the rule needs here to be mentioned. It will be noticed that the statute of 1925 provides that:

" 'Sec. 2. When and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect.'

"It is argued that, since the statute takes effect upon the happening of a subsequent event, to wit, the making of the rules by the court, there is such a con-

tingency as to destroy the effect of the legislation. The weight of authority is that a statute is not unconstitutional because it does not take effect until the happening of a subsequent event. Many authorities might be cited, but we deem it sufficient to quote from the text of 2 C. J. p. 864, where the authorities are collated:

" 'Where an act is clothed with all the forms of law and is complete in and of itself, it is fairly within the scope of the legislative power to prescribe that it shall become operative only on the happening of some specified contingency. Such a statute lies dormant until called into active force by the existence of the conditions on which it is intended to operate.' "

It is further urged that section 3, *supra,* violates section 14; part 2, of article 4 of the Constitution, which reads as follows:

" (*Legislation by reference.*)—No act or section thereof shall be revised or amended by mere reference to the title of such act, but the act or section as amended shall be set forth and published at full length."

The section in question does not amend nor revise any particular act. It merely states such acts are to be what they already were—rules regulating the procedure of the courts, and provides that upon the happening of a certain contingency they shall be repealed. The constitutional provision does not refer to the repeal of existing legislation, but to the amending thereof.

We hold, therefore, (a) that chapter 8, *supra,* is not unconstitutional in that it is an attempt to delegate legislative power, but is valid as a withdrawal by the legislature from the field which it has hitherto occupied concurrently with the courts, (b) that section 3 thereof is not invalid because the time of the repeal of existing legislation referred to therein is contingent upon the occurrence of other matters, and (c) that a con-

ditional repeal does not fall within the provisions of section 14, part 2 of article 4 of the Constitution.

The motion dismissing the appeal is, therefore, granted.

McALISTER and ROSS, JJ., concur.