452 P.2d 176

**SOUTHWEST UNDERWRITERS and Benjamin M. Sherman, Petitioners,**

v.

**The Honorable Samuel Z. MONTOYA, Judge of the First Judicial District in and for the County of Santa Fe, Respondent.**

**No. 8710.**

Supreme Court of New Mexico.

March 24, 1969.

White, Gilbert, Koch & Kelly, Santa Fe, for petitioners.

Standley, Kegel & Campos, Frank P. Dickson, Jr., Santa Fe, for respondent.

OPINION

NOBLE, Chief Justice.

The Supreme Court adopted Rule of Civil Procedure 41(e), effective September 20, 1942, requiring the dismissal with prejudice of civil cases or proceedings in which the plaintiff or cross-complainant has failed to take action to bring such case to its final determination within two years after filing the complaint or cross-complaint. The New Mexico legislature, by ch. 132, Laws of 1965, purported to amend this rule by extending the time within which the plaintiff or cross-complainant must take such action to three years, and exempting cases and proceedings in which there is to be a jury from the dismissal requirement. This court amended the rule, extending the time for dismissal to three years, but included jury cases in such mandatory dismissal requirement. (The amended rule is applicable to cases filed in district court on or after July 1, 1967.)

A motion to dismiss pursuant to Rule 41(e) for failure of plaintiff to take the required action within two years was filed in Cause No. 37206, Santa Fe County. The relief sought was denied by the district court upon the ground that the statute had extended the time to three years, which had not then expired. This court issued its alternative writ of mandamus. If the legislature has the right to pass laws regulating pleading, practice and procedure in the courts, then the motion to dismiss for failure to prosecute the case in Cause

No. 37206 was premature and the writ must be discharged. If, on the contrary, the right to promulgate such rules is vested in the court, ch. 132, Laws of 1965, is not effective and Rule 41(e), requiring dismissal for failure to take action to bring the case to its conclusion within two years, controls and requires that the alternative writ of mandamus be made permanent. See Sender v. Montoya, 73 N.M. 287, 387 P.2d 860.

We then examine our fundamental law to determine where the rule-making authority lies. Art. III, § 1 of the New Mexico Constitution divides the powers of government into three separate and distinct departments, and expressly forbids any department from exercising powers properly belonging to either of the others. The section reads:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of ·the others, except as in this Constitution otherwise expressly directed or permitted."

Under our theory of government, which was exhaustively discussed in State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1 (1936), the responsibilities are presumably equally divided, and each department must perform its own tasks and accept the responsibilities that go with them. Thus, our constitution expressly commits us to the doctrine of separation of powers.

Even though this court has not heretofore been called upon to squarely resolve the specific issue now presented, our decisions commencing with State v. Roy, supra, followed by City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701 (1939); State v. Arnold, 51 N.M. 311, 183 P.2d 845 (1947); and Sitta v. Zinn, 77 N.M. 146, 420 P.2d 131 (1966), have clearly pointed the way to a resolution of the question. In

State v. Roy, supra, we held that the promulgation of rules by the Supreme Court is in the exercise of an inherent power lodged in this court to prescribe such rules of practice. In City of Roswell v. Holmes, supra, we reiterated that the power of the courts to dismiss a case for failure to prosecute it with diligence is inherent in the courts and exists independently of any statute. The Sitta decision, State v. Arnold, and State v. Roy traced the history of the rule. In Arnold, we said, regarding the Supreme Court's power to promulgate Rule 41(e):

"* * * Suffice it to say that, whatever the source, this Court possesses unquestioned power to make rules touching pleading, practice and procedure. * * *"

The courts of other states have also had to wrestle with this problem. The Supreme Courts of Colorado and Kentucky, like this court, concluded that the rule-making authority is inherent in a constitutional judiciary. Those courts reasoned that the courts, charged with the duty of exercising judicial power, must necessarily possess the means with which to effectively and expeditiously discharge that duty. Kolkman v. People, 89 Colo. 8, 300 P. 575; and Burton v. Mayer, 274 Ky. 263, 118 S. W.2d 547.

The decisive question in Sitta was whether ch. 132, Laws of 1965, was a procedural statute. We there held that it was, and consequently its provisions could not constitutionally be applied to a pending case. New Mexico Constitution, art. IV, § 34. Even though the question concerning the power of the legislature to enact changes in procedural rules was not directly presented in Sitta v. Zinn, supra, we recognized its existence, saying:

"By Ch. 132, N.M.S.L.1965, the legislature purportedly amended Rule 41(e) so as to increase the time for taking action to bring proceedings to a final determination from two years after filing to three years and, in addition, to exempt entirely from the rule's operation pro-

ceedings wherein jury action had been demanded.

\* \* \* \* \* \*

"We recognize as present certain questions relative to the power of the legislature to enact the change in view of Art. III, § 1 of the New Mexico Constitution, providing for separation of powers of our three coordinate branches, and the legislature's adherence thereto by its adoption of ch. 84, N.M.S.L.1933 (§§ 21-3-1 and 21-3-2, N.M.S.A.1953) which was held in State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1, to be nothing more than legislative recognition of the court's inherent power to promulgate rules regulating pleading, practice and procedure. However, in view of our disposition of the matter it is not necessary for us to consider or discuss the issue."

Our amended rule, contrary to the statute, applies to jury cases as well as to those only tried to the court. To that extent, as well as the difference in their effective dates, Rule 41(e), as amended, and ch. 132, Laws 1965, are in conflict.

Article IV, § 24, of the New Mexico Constitution forbids the legislature to pass local or special laws concerning "the practice in courts of justice" and "changing the rules of evidence in any trial or inquiry," and art. IV, § 34, forbids the legislature to "change the rules of evidence or procedure, in any pending case." It has been argued that this restrictive language might nevertheless be considered as an implied grant of legislative authority to enact rules in circumstances except those expressly forbidden. This argument, however, is answered by an express prohibition against such a construction found in art. III, § 1, of the Constitution itself, which forbids one department of government from exercising:

"\* \* \* any powers properly belonging to either of the others, *except as in this Constitution otherwise expressly directed or permitted.*" (Emphasis added.)

Thus, the Constitution itself, in plain, unambiguous and explicit language, forbids a construction of the Constitution which would authorize the exercise of such a power by implied authority. See the excellent discussion by Professor Wigmore of the same contention regarding almost identical provisions of the Illinois Constitution, in 23 Ill.L.Rev. 276. The separation of powers' provision of the Illinois Constitution, Professor Wigmore says, explicitly forbids any department of the state to exercise any other department's power except as "hereinafter (in this constitution) otherwise *expressly* directed and (or) permitted." [The words in parenthesis are the language of the New Mexico Constitution.]

We are cognizant of the Arizona decisions in Arizona Podiatry Ass'n v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108; State ex rel. Conway v. Superior Court, 60 Ariz. 69, 131 P.2d 983; and De Camp v. Central Arizona Light & Power Co., 47 Ariz. 517, 57 P.2d 311, holding that under significantly different constitutional language, both the courts and the legislature have rule-making power. The Arizona Constitution was construed to impliedly authorize the legislature to enact rules which would not unduly hamper the performance of the court's constitutional duties, because its constitution contained no prohibition against an implied grant of authority. We note that the Arizona Constitution has since been amended to give its Supreme Court exclusive rule-making power.

■ The distinction between substantive law and those rules of pleading, practice and procedure which are essential to the performance of the constitutional duties imposed upon the courts is not always clearly defined. There may be areas in which procedural matters so closely border upon substantive rights and remedies that legislative enactments with respect thereto would be proper. No specific definition can be stated which would clearly delineate the distinction. Each case must be determined upon its own circumstances.

■ In view, however, of our unbroken line of decisions following State v. Roy,

supra, it necessarily follows that ch. 132, Laws of 1965, purports to direct a change of procedure which infringes on the court's exercise of its constitutional duties. Accordingly, Rule 41(e), effective September 20, 1942, applicable to this case, prevails and requires that the alternative writ of mandamus heretofore issued be made permanent.

It is so ordered.

MOISE, COMPTON, and CARMODY, JJ., concur.

TACKETT, J., not participating.