167 P.3d 128

**ALEXANDRIA M., Petitioner,**

v.

**The Honorable Crane McCLENNEN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 07–0169.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 18, 2007.

Review Denied Jan. 8, 2008.

---

James J. Haas, Maricopa County Public Defender by Christina M. Phillis, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

Andrew P. Thomas, Maricopa County Attorney by Linda Van Brakel, Deputy County Attorney, Phoenix, Attorneys for Real Party In Interest.

## OPINION

PORTLEY, Judge.

¶ 1 The juvenile filed a special action petition challenging the juvenile court's refusal to conduct an advisory hearing after the court had found the juvenile incompetent to participate in the adjudication hearing but could be restored to competency. For the reasons stated below, we accept jurisdiction but deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 The juvenile was charged with two counts of aggravated robbery in a May 2007 petition. At the advisory hearing, the juvenile court sent the juvenile for a mental competency examination and set a hearing for mid-July 2007. On June 27, 2007, the State filed a delinquency petition/criminal complaint and motion to transfer, charging the juvenile with another aggravated robbery. The advisory hearing on the June 2007 petition was set in conjunction with the mental competency hearing and non-witness transfer hearing on the May 2007 petition.

¶ 3 The juvenile court, after reviewing the competency reports, found the juvenile incompetent but restorable on the May 2007 petition.[1] As a result, the court did not advise the juvenile pursuant to Arizona Rules of Procedure for the Juvenile Court ("Rules") 28(B) and (C). Instead, the court deferred the advisory hearing to a later date, when it will review the status of the efforts to restore the juvenile to competency.

¶ 4 The juvenile then filed this special action petition challenging the deferral of the advisory hearing on the June 2007 petition.

## DISCUSSION

¶ 5 Our special action jurisdiction is discretionary. *JV–132324 v. Superior Court In and For County of Maricopa*, 181 Ariz.

---

1. The juvenile's "incompetence [was] due to lower cognitive abilities and learning disabilities [and] ... [t]here is a substantial probability she can be restored on an outpatient basis."

337, 342, 890 P.2d 632, 637 (App.1995). Because the juvenile does not have a speedy remedy on appeal, the issue she raises involves the interpretation of rules and a statute, and it could recur, we exercise our discretion to accept jurisdiction. *Id.*

¶ 6 The juvenile contends that the juvenile court erred by not conducting the advisory hearing for the June 2007 petition at the July 2007 hearing. She contends that the court's failure violates the due process rights guaranteed in *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). She argues that because the court cannot determine a juvenile incompetent before the advisory hearing, the court's failure to hold the advisory hearing is error.

¶ 7 Rule 28(B)(2) states that the advisory hearing for a juvenile who is not detained "shall take place within thirty (30) days of the filing of the petition." Read alone, the rule would support the juvenile's argument that the court should have conducted the advisory hearing.

¶ 8 There are, however, two other provisions that impact the resolution of this matter. First, Rule 17(B) excludes time for an examination and competency determination, and during any time the juvenile is incompe-

tent. Additionally, Arizona Revised Statutes ("A.R.S.") section 8–291.01 (2000) provides that "[a] juvenile shall not participate in a delinquency ... proceeding if the court determines that the juvenile is incompetent to proceed."

¶ 9 We review the application of the rule and statute de novo, *see In re Hyrum H.,* 212 Ariz. 328, 330, ¶ 10, 131 P.3d 1058, 1060 (App.2006), recognizing that Arizona has long stated that court rules and statutes should be reasonably construed to effectuate their purpose. *See De Camp v. Cent. Ariz. Light & Power Co.,* 47 Ariz. 517, 526, 57 P.2d 311, 314 (1936).

¶ 10 The language of Rules 28(A) and (C) requires the juvenile court judge to advise the juvenile and his or her parent or guardian of the charges in the petition, as well as advising the juvenile of his or her constitutional rights, which can be invoked or waived.[2] The thirty-day time period to conduct the advisory hearing may, however, be extended by other rules. For example, if the juvenile court finds that the juvenile is absent or if the court finds that the juvenile is incompetent the time limits can be extended. Ariz. R.P. Juv. Ct. 17(B). Essentially, Rule 17(B) recognizes that if a child is not physi-

2. At the advisory hearing the court shall:

1. Advise the juvenile, parent, guardian or custodian of the right of the juvenile to be represented by counsel, including the right to be appointed counsel if the juvenile is indigent, as provided by law;
2. Advise the parties of the juvenile's right to remain silent throughout the proceeding;
3. Advise the parties of the juvenile's right to call witnesses on the juvenile's behalf;
4. Advise the parties of the right to confront witnesses presented by the state;
5. Determine whether the juvenile understands the constitutional rights set forth by the court and whether the juvenile knowingly, intelligently and voluntarily wishes to waive those rights;
6. Determine whether the victim of the offense has requested to be present and be heard if a plea agreement is to be presented to the court. The Court shall not accept a plea agreement unless:
   a. The prosecutor advises the court that reasonable efforts were made to confer with the victim concerning the proposed plea;
   b. Reasonable efforts were made to advise the victim of the plea proceeding and of the victim's right to be present and to be heard; and

   c. The prosecutor advises the court that to the best of the prosecutor's knowledge the notice requirements were complied with and the prosecutor advises the court of the victim's position, if known, regarding the proposed plea agreement.
7. Determine whether the juvenile wishes to admit or deny the allegations;
   a. Admission. If the juvenile wishes to admit to allegations, the court shall accept the admission or plea if supported by a factual basis and a finding that the juvenile knowingly, intelligently and voluntarily waives the rights enumerated above. The factual basis may include evidence other than the statements of the juvenile.
   b. Denial. If the juvenile denies the allegations in the petition, the court shall set an adjudication hearing as required by these rules.
8. Set conditions of release, if any, and advise the juvenile that any violation of the terms and conditions of release may result in the issuance of a warrant for the arrest and detention of the juvenile.
9. Determine how a verbatim record of the adjudication hearing will be made.

Ariz. R.P. Juv. Ct. 28(C).

cally in court or incompetent to understand the proceedings the time limits are tolled until the child returns or is found competent.

¶ 11 Moreover, if the juvenile is incompetent, the legislature has prohibited the youngster from participating in a delinquency proceeding during the incompetency. A.R.S. § 8–291.01(A). The statutory provision recognizes that if the juvenile is incompetent to understand the proceedings it would violate due process to allow the juvenile to participate in any delinquency proceeding. *See id.* The only way to enforce the statutory provision requires the juvenile court judge to prevent a juvenile found incompetent from participating in any delinquency proceeding. Thus, when examining the statutory provision with Rules 28 and 17(B), the three provisions taken together would allow the juvenile court to defer an advisory hearing if the court had earlier found the juvenile to be incompetent and had not yet been restored to competency.

¶ 12 In this case, the juvenile court found the juvenile incompetent but restorable before she was advised on the June 2007 petition. Consequently, the juvenile could not statutorily participate in the advisory hearing and the time to conduct the advisory hearing on the June 2007 petition is tolled under Rule 17(B) until the juvenile is, if at all, restored to competency. Therefore, the trial court did not err, and we deny relief.

## CONCLUSION

¶ 13 Based on the foregoing, we accept jurisdiction but deny relief.

CONCURRING: JON W. THOMPSON and SUSAN A. EHRLICH, Judges.