## Goff, et al. v. Evans, et al.

(Decided January 21, 1927.)

### Appeal from Clark Circuit Court.

Life Estates—Heirs of Life Tenant Take Stock Dividends Declared Out of Earnings During Tenant's Life as Against Legatees of Stock.—Where earnings of shares of stock were bequeathed to testator's wife for life and the stock was bequeathed to others, heirs of wife take dividends declared during her life out of earnings during her life as against legatees of stock.

J. SMITH HAYS and TALBOTT & WHITLEY for appellant.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The executor of. Eliza E. Evans was adjudged to be, as such executor, entitled to thirty shares of the capital stock of the Mt. Sterling National Bank, to reverse which judgment this appeal is prosecuted. In the early part of 1907, John Evans died testate. The second and third provisions of his will are the only two thereof involved, and they are:

"Second. Should my wife, Eliza E. Evans, survive me, I give and bequeath all my personal property and all benefits that I am deriving from my four children, Sallie D. Mason, John T. Evans, Eli B. Evans and James O. Evans, the sum of $200.00 each, payable the first day of January annually as long as she may live, and also to my wife the dividends accruing from twenty-five shares of bank stock in the Clark County National Bank, of Winchester, Ky., the dividends of thirty shares in the Mt. Sterling National Bank, at Mt. Sterling, Ky., and the dividends of twenty-five shares in the Pendleton Bank of Falmouth, Ky.

"Third. In order to make all my children equal in distribution of my property, I hereby will, bequeath and give to my three daughters, Mary E. Goff, Ann E. Cooper and Dannie M. Evans, and their bodily heirs, the above said bank stock to be equally divided between them according to valuation and

premium of shares to have and to hold for their benefit subject to judgment of trustees which I hereby appoint, James O. Evans, in event of said trustee's death, Eli B. Evans and John T. Evans shall act. Said bank stock shall not be sold only to be reinvested in other bank stock or real estate as trustee may deem best and to be deeded as the real estate which I have heretofore deeded them.''

His wife, Eliza E. Evans, survived him, and on September 7, 1907, she made a will, and that part thereof which is involved is:

"I hereby direct that after the payment of my just debts and funeral expenses that the balance of my property of each and every kind be equally divided between my seven children, Sally D. Mason, Mary E. Goff, Annie E. Cooper, John T. Evans, Eli B. Evans, James O. Evans and Dannie E. Hadden.''

Eliza E. Evans died in November, 1924. Shortly thereafter her will was probated, and her son, J. O. Evans, is the executor of her will as well as the will of his father, John Evans. In 1922, the Mt. Sterling National Bank declared a stock dividend of 100%, and thus there is due and is to be executed to some one a stock certificate for 30 shares of its capital stock. By some of the heirs it is contended that this 30 shares, which we shall refer to as dividend stock, should be issued to J. O. Evans, as executor of Eliza E. Evans, and by others it is contended that this 30 shares, just like the original 30 shares, passed under the will of John Evans to his daughters, Mary E. Goff, Annie E. Cooper, Dannie M. Evans, now Dannie M. Hadden, and their bodily heirs.

J. O. Evans, as executor of his father and as executor of his mother, and as guardian of some infant children, began this suit against the other devisees of his father and his mother, and the Mt. Sterling National Bank to obtain the advice and direction of the court in the matter, and in that suit, *inter alia,* makes this allegation:

"Plaintiffs state that on or about the — day of —, 1922, there was declared by the Mt. Sterling National Bank a stock dividend of 100% upon its outstanding capital stock, including the 30 shares

of its capital stock referred to in the said will of John Evans, deceased. They state that said stock dividend upon the said 30 shares of stock referred to in said will of John Evans, deceased, amounted to 30 shares, and that the Mt. Sterling National Bank is ready and willing to issue certificates for stock representing said stock dividend to such of the parties hereto as are properly entitled to same. They state that the said 30 shares of said stock referred to in the will of John Evans were then of the par value of $100.00 per share, and that the said stock dividend thereon is of the par value of $100.00 per share. They state that in the period from the death of the said John Evans, testator, up to the time of the declaration of the said stock dividend, the net earnings of said Mt. Sterling National Bank, over and above all amounts paid by it during said period in dividends, amounted to much more than the sum of $100.00 per share upon the capital stock of said bank, and, therefore, to more than $100.00 per share upon the said 30 shares of stock constituting a part of the estate of said John Evans, and that said stock dividend amounted to and constituted the transfer by said bank to its account from its earnings for said period of $100.00 per share for each share of its capital stock then outstanding. They state that the actual and market value of each share of the capital stock of said bank, at the time of the declaration of said stock dividend, was more than double the actual and market value of each share of said stock at the date of the death of John Evans, and that immediately after the declaration of said stock dividend, although the number of outstanding shares of stock of said bank was thereby doubled, each share of said stock, including the stock so declared as the stock dividend, was of a greater actual and greater market value than the actual or market value of said bank stock at the date of the death of John Evans. They state that there is a controversy between the parties to this action as to who is the owner of the said 30 shares of stock issued as a stock dividend as aforesaid, and that it is necessary that the will of John Evans be construed and a determination by this court made of the question of ownership of said stock dividend.''

To that, this demurrer was filed:

"The defendants, Mary E. Goff and Dannie E. Hadden, demur to the petition of the plaintiffs, J. O. Evans and others, because it does not state facts constituting a cause of action against the defendants; and because when taken together with the exhibits it shows that these defendants and their bodily heirs are the owners of the stock in the Mt. Sterling National Bank declared as a stock dividend and mentioned in the petition; that a correct construction of the will of John Evans, deceased, confers upon the defendants, and their bodily heirs, the legal title to the stock of the Mt. Sterling National Bank designated as a stock dividend."

The defendants, Mary E. Goff and Dannie E. Hadden, filed answer, the first paragraph of which is practically the same as this demurrer. In the second paragraph of their answer, they show that John Evans had made conveyances to his children as follows:

In 1898, to J. O. Evans, 288 acres of land.
To John T. Evans, 205 acres of land.
To Sallie D. Mason, 226 acres of land.
To Annie E. Cooper, 193 acres of land.
In 1903, to Dannie E. Hadden, 129 acres of land and $3,000.00 in money.
To Mary E. Goff, 215 acres of land.

They further alleged that John Evans had required each of the first four named to pay him $200.00 annually for the support of himself and his wife, and that was continued during the life of Mrs. Evans. For some time this Pendleton Bank stock had been paying 4% or $100.00 semi-annually; the Clark County Bank, 5% or $125.00 semi-annually, and the Mt. Sterling Bank, 6%' or $180.00 semi-annually. He had every reason to believe that this would be continued. This $405.00 paid twice a year with the $800.00 which he required the four first named children to pay, would make an income of $1,610.00. Further, in their answer, *inter, alia,* they allege:

"At the time of the making of his will the Pendleton Bank had a surplus and undivided fund, premium, of more than 25% of its capital stock; that

the Clark County National Bank had a surplus and undivided fund, premium, of more than 50% of its capital stock; that the Mt. Sterling National Bank had a surplus and undivided fund, premium, of more than 40% of its capital stock; that John Evans was a good business man and understood that said bank stocks were paying the semi-annual dividends aforesaid; and would continue to do so in due course of business, amounting to more than $600.00 annually; and he understood that said banks were accumulating a surplus and undivided profits, premiums, on the shares of the said stock; that in this situation, and understanding these facts he desired to divide his estate among his children, giving to each of them an equal share of his property, and burdening each share, or devisee, or donee with about $200.00 annually for the support and maintenance after his death of his wife, Eliza E. Evans; that by his will he intended to, and did, bequeath the annual payment of $200.00 each per year from each of his four children, J. O. Evans, John T. Evans, Sallie D. Mason and Eli Evans, to his wife, Eliza E. Evans, as long as she should live, and he bequeathed the annual or semi-annual cash dividends on the bank stock aforesaid to his wife Eliza E. Evans, as long as she should live, thereby burdening each share of his estate in what he regarded as equal sums for the support and maintenance of his widow, Eliza E. Evans; that thereby he imposed a greater burden upon the shares of the defendants and each of them, than he imposed upon his other four children, or either of them, the plaintiffs, in this action; that to make the defendants equal in the distribution of his property with his other children he intended to, and did, bequeath to Mary E. Goff, Dannie M. Hadden and Ann E. Cooper, and their bodily heirs, said bank stock 'to be equally divided between them according to valuation and premium of shares,' thereby expressly giving to the defendants, and their bodily heirs, the said bank stock, together with the surplus and undivided profit, premium, earned by said stocks prior and subsequent to taking effect of his will; that John Evans by his will so divided, advanced and bequeathed to his children in equal shares in his judgment; and having so divided his property, he

by the residuary clause of his will bequeathed the balance of his estate equally, share and share alike, to his seven children; that by his will, and the only proper construction of it, he intended to, and did, bequeath the cash dividend declared upon the bank stock aforesaid to his widow, and during her life, and nothing further from said bank stock, and he bequeathed to his three daughters and their bodily heirs, the bank stock with its premium of shares earned and to be earned by the management of said bank; that such was the purpose and intention of John Evans, deceased, at the time he made and executed said will, and at his death; that thereby the defendants became the owners of the said bank stock including the 30 shares of the Mt. Sterling National Bank declared as a dividend out of the surplus and undivided profits, premiums, on the original 30 shares of stock in said bank owned by John Evans."

The result of this judgment is that this dividend stock will be issued to the executor of Eliza E. Evans and ultimately divided equally among all seven of these children, and it is the contention of the appellants that this is erroneous, and that this bank stock should pass under the third clause of the will of John Evans to the three daughters there named, just as the original stock. The general question of the right to stock dividends as between life tenant and remaindermen has caused the courts some trouble, resulting in three different views of the law. One rule is known as the Massachusetts rule, another as the Pennsylvania rule, and the third as the Kentucky rule. See C. J., vol. 14, p. 830, et seq.; 17 R. C. L. 631, et seq. See also Holbrook v. Holbrook, 74 N. H. 201, 66 A 124, 12 L. R. A. (N. S.) 775. The extensive notes to this last case as well as notes in 118 A. S. R. 163, 35 L. R. A. (N. S.) 565, 12 Am. Cas. 652, and Am. Cas. 1912B 1218 are of interest. It is the settled law of Kentucky that as between a life tenant and remainderman, all dividends, whether paid in stock or cash, declared out of earnings belong to the life tenant. Cox, et al. v. Gaulbert's Trustee, 148 Ky. 407, 147 S. W. 25; Hite, et al. v. Hite, et al., 93 Ky. 257, 20 S. W. 778, 14 Ky. L. R. 385, 19 L. R. A. 173, 40 Am. St. Rep. 189.

If, instead of allowing this surplus to accumulate, the Mt. Sterling National Bank had paid a semi-annual

dividend of, say, 15% or 20% no one would ever have suggested that that money did not belong to Eliza E. Evans. So, what difference can it make if instead of paying out its earnings in dividends, it allows its earnings to accumulate and then, instead of distributing them in money, it issues a stock dividend to represent this accumulation?

Four briefs were filed on behalf of the appellants. Their views were ably and earnestly presented. Their contention is that it was the evident purpose of John Evans to equalize his children, and that this judgment results in an inequality. They are right in their contention that it was the apperant purpose of John Evans to equalize his children, but that meant equality then, as he saw it, and not equality now. To sustain their contention it would be necessary for this court not only to depart from its former holdings but to give to the will of John Evans a construction out of harmony with the plain provisions thereof. This we can not do.

The judgment is affirmed.