## Bireley's Administrators v. United Lutheran Church in America.

(Decided May 1, 1931.)

MARTIN & SMITH for appellants.

LE WRIGHT BROWNING for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

In a suit begun and prosecuted under section 639a-1 to 639a-12 of the Civil Code of Practice by "the United Lutheran Church in America," a corporation against the administrators with the will annexed of William M. Bireley, for a construction of his will, the church was successful, and the administrators have appealed. Bireley was a bachelor, he died in 1915, leaving a will which was probated April 17, 1916, by the Lewis county court. It is a rather lengthy document, but only two items thereof are involved here. These we have copied, and for our convenience we have italicized certain parts of them:

> "Item 2. I give, bequeath and devise to the Executors of this my last will and testament 493 shares of the capital stock of the American Hardware Corporation, New Britain, Connecticut, in trust, nevertheless to hold the same collect and apply the *net dividends* thereof, as follows, to-wit:
> "To my beloved niece, Fannie B. Delaplaine of Fredrick, Maryland, the *Net dividends or income*

that may be derived from 193 shares of said stock, for and during her natural life.

"To Thomas B. Harrison, of Vanceburg, Kentucky, the *net income or divdends* that may be derived on One Hundred shares of said stock for and during his natural life.

"To James S. Gardner, of Vanceburg, Kentucky, the *net income or dividends* that may be derived from 200 shares of said stock for and during his natural life.

"I direct that none of said shares of stock be sold, but in the event of the liquidation of the said Corporation, I direct my said Executors, as Trustees, to immediately reinvest the money derived thereform in United States interest bearing bonds, and the *net income* thereon to be paid to the said dividend beneficiaries proportionately as is provided for with respect to the dividends on said stock. The provisions as to said dividends shall apply to any and all sums that may be collected as dividends on said stock or interest on said bonds by my said executors, the said executors being hereby authorized and empowered to receive and receipt for any and all dividends arising on any and all of said stock or bonds during continuation of the said trusts.

"Upon the death of either of the said beneficiaries, Fannie B. Delaplaine, Thomas B. Harrison or James S. Gardner, the trust as to her or his share of said dividends or income shall cease, and the principal, stock or bonds, from which such dividends or income shall have been derived shall thereupon be assigned, transferred and delivered by my executors to the General Council of the Evangelical Lutheran Church of North America, for the sole use and benefit of the Rajahmundry Mission in India, under the supervision and control of said General Council, *it being my will and desire that subject only to the income or dividends to be paid to said life beneficiaries respectively as the same may be realized or collected from and after the date of my death, together with all legal charges or assessments against same, that said stock be thus appropriated and applied for the sole use and benefit of said foreign Mission.*

"It is further my will and desire that neither of the said three life beneficiaries sell, assign, transfer,

or in any way encumber her or his said life interest in or to said stock or bonds and my said Executors and Trustees are expressly directed to make no payment of the said income or dividends to any person whatsoever other than to the beneficiary herself or himself as the case may be, and all uncollected or unpaid dividends or interest that would be otherwise coming to either of said life beneficiaries at the time of her or his death shall pass with the principal for the use and benefit of said Mission as aforesaid. And should either of said three life beneficiaries, die before my death the shares of stock or principal upon which she or he would have derived an income shall be forthwith assigned and transferred as aforesaid.

"Item 15: *It being my will and desire to secure as far as practicable to each of the life beneficiaries of the income and dividends of the capital stock of The American Hardware Corporation her or his share free from any and all taxes, charges, assessments of expense of any kind, I direct that all the residue and surplus available funds or property or proceeds thereof belonging to my estate be held by my Executors and such thereof as may be necessary be appropriated and applied by my said Executors for said purposes.* And to that end it is my will and desire that my said Executors as soon and whenever practicable place at interest with the Union Saving Bank and Trust Company of Cincinnati, Ohio, all of the said surplus means, saving such as in their judgment may be required to meet the current expenses, taxes and charges of the estate, each year, which latter sum they may deposit in some banking institution subject to their checks for all proper or lawful demands against the estate.

"The Executors shall not be chargeable with or held liable or accountable for any income or interest on said funds or estate in excess of that which they may actually realize and collect in the exercise of good faith in the management of the funds herein indicated.

"Upon the decease of the last of the three aforesaid beneficiaries *all of the residue of my estate if any,* of whatsoever character and wherever situated which I may own or have the right to dispose of at the time of decease *I give and bequeath to the Gen-*

*eral Council of the Evangelical Lutheran Church of North America* for the sole use and benefit of the Rajahmundry Mission under the supervision and control of said General Council.''

Unexpected claims for taxes and back taxes successfully asserted by the state of Kentucky, the county of Lewis, and the city of Vanceburg, have consumed the larger part of the residuary fund provided in item 15 for the payment of taxes, expenses, etc.

James S. Gardner, one of these life beneficiaries of this stock, has died, and the administrators of Bireley have turned over to the church 185 shares of this stock. The church contends it is entitled to all of the 200 shares upon which Gardner was entitled to draw dividends during his lifetime.

The administrators say: ''No we must retain this 15 shares to pay taxes and expenses so that the two remaining life beneficiaries may receive their income from this stock net and free of charges.'' Thus our first question is, Who is right about this? The answer is, ''The administrators.'' We do not know how the testator could have made his wish any plainer than he made it when he provided, as he did in the italicized parts of this will, that the appropriation of this stock to this church for mission purposes shall be subject to the rights of these life beneficiaries. In support of the judgment of the trial court, the church relies upon rules of construction contained in the following opinions: Shutt's Adm'r v. Shutt et al. 192 Ky. 98, 232 S. W. 405; Johnson et al. v. Johnson's Trustees et al., 164 Ky. 724, 176 S. W. 199; In re Albertson, 113 N. Y. 434, 21 N. E. 117; Woodward v. James, 115 N. Y. 346, 22 N. E. 150; Greene v. Greene, 19 R. I. 619, 35 A. 1042, 35 L. R. A. 790; 21 C. J. 955, 959, secs. 93 and 95. Annotation in 17 A. L. R. page 1384, etc.

These authorities would be quite persuasive, if not controlling, had the testator not made his purpose so evident in his will, but it was his right to dispose of his property as he saw fit. He has made his purpose so evident, and it is so easily discovered from the will itself, there is no occasion to resort to rules of construction. That is only done when all efforts to arrive at the testator's intention from an examination of the will itself have failed.

There is no suggestion these administrators have retained too much of this stock. The complaint of the church is not of the amount retained but that any was

retained. Ultimately the church will get all of this stock and all of the residuary esstate that is left, but, until these life beneficiaries die, theirs is the first claim upon it.

The next question arises upon the answer and cross-petition of the administrators.. When they began the administration of this estate, these shares had a par value of $100, but since then the American Hardware Corporation has so reorganized that these $100 shares have been called in, and, in lieu of each $100 share, there has been issued four shares, each with a par value of $25 and thus they received and had 772 shares upon which to pay dividends to Fannie B. Delaplaine, 400 shares for Thomas B. Harrison, etc. That did not change the situation at all, the status of each thereafter is the same as that of a man from whom a dollar bill was taken and in return he was given four "twenty-five-cent" coins. See Goode v. Reynolds, 208 Ky. 441, 271 S. W. 600, 63 A. L. R. 631.

Thereafter, however, the American Hardware Corporation out of its earnings paid a stock dividend of 25 per cent. so these administrators received 193 shares of $25 par value on account of the devise made to them for the benefit of Fannie B. Delaplaine, and 100 shares on account of the devise made them for Thomas B. Harrison, etc. That presents a different state of affairs. These life beneficiaries were entitled to the income on certain shares of stock. If that were paid in money, they were entitled to the money, and, if paid in stock, they are entitled to the stock. See Goff et al. v. Evans, 217 Ky. 664, 290 S. W. 490.

As the beneficiary James S. Gardner died before this reorganization and before this stock dividend was paid, the stock held for his benefit was not affected thereby. Thus the original 493 shares have grown to be 2,465 shares.

This should now be held thus:

The administrators should hold:

For payment of dividends to Fannie B. Delaplaine ...............772 shares.
For payment of dividends to Thos. B. Harrison ....................400 shares.
For payment of taxes, cost, etc. ................................................. 75 shares.
Fannie B. Delaplaine should have and hold as her own ........193 shares.
Thos. B. Harrison should have and hold as his own ............100 shares.
The church should have for this mission ...............................925 shares.

Total ..............................................................................................2465 shares.

The judgment is reversed, with direction to enter a judgment as indicated.