## BOWLES et al. v. STILLEY'S EX'R et al.

Court of Appeals of Kentucky.

April 23, 1954.

· J. Brandon Price, Paducah, for appellants.

Henry H. Lovett and Lovett & Lovett, Benton, Adrian H. Terrell, Paducah, for appellees.

DUNCAN, Justice.

The determination of this appeal requires a re-examination of our rule relating to apportionment of stock dividends between the life tenant and remaindermen under a devise creating a life estate in corporate stock.

Solon L. Palmer, by his will and several codicils, probated on August 5, 1931, devised to Mary Liles, a household employee, a life estate in certain real estate and "during her natural life, all dividends accruing and payable on the fifty shares of capital stock I own in the Bank of Benton, Benton, Kentucky, as well as all dividends on my seventeen shares of capital stock in the Citizens Savings Bank, Paducah, Kentucky." Subsequent to testator's death, Mary Liles transferred her life estate to J. P. Stilley and G. A. Thompson.

. G. A. Thompson died intestate on May 18, 1946, and the appellee, H. H. Lovett, qualified as his administrator. J. P. Stilley died on January 17, 1952, during the pendency of this action, and his daughter, the appellee, Sarah Elizabeth Simmons, qualified as executrix of his estate. Since the date of the transfer, Stilley and Thompson, or their personal representatives, have collected all of the cash dividends paid on the fifty shares of capital stock in the Bank of Benton and seventeen shares of stock in the Citizens Savings Bank. Mary Liles is still living and, consequently, there has been no termination of the life estate.

The Citizens Savings Bank, on September 13, 1941, August 23, 1944, and October 30, 1950, declared successive common stock dividends of 50%, 33⅓%, and 25%. The ownership of the twenty-five and one-half shares issued as a result of the several stock dividends is involved in this action. The Chancellor, following the rule announced in several opinions of this Court, adjudged title in the life tenants.

The question of law here involved is one on which there is a wide divergence of opinion among the various jurisdictions of this country, although practically all of the cases fall into one or the other of three well-defined groups. The three divergent views have been frequently designated as the Kentucky rule, the Massachusetts rule, and the Pennsylvania rule.

The Kentucky rule awards all extraordinary corporate dividends in their entirety to the life tenant without regard to whether it is a stock dividend or a cash dividend, or whether it represents earnings that accumulated wholly before or wholly after, or partly before or partly after, the commencement of the life estate. The rule

was first announced in Hite's Devisees v. Hite's Ex'r, 93 Ky. 257, 20 S.W. 778, 19 L.R.A. 173. It has been consistently adhered to since that time although its inequity has been frequently recognized. Cox v. Gaulbert's Trustee, 148 Ky. 407, 147 S.W. 25; Goff v. Evans, 217 Ky. 664, 290 S.W. 490; Hubley's Guardian v. Wolfe, 259 Ky. 574, 82 S.W.2d 830, 101 A.L.R. 1359; Laurent v. Randolph, 306 Ky. 134, 206 S.W.2d 480. Our examination indicates that the Kentucky rule is not followed by the courts of any other state. At one time it was the rule in New York but wsa definitely abandoned in Re Osborne, 209 N.Y. 450, 103 N.E. 723, 823, 50 L.R.A., N.S, 510.

The Massachusetts rule, which is followed by a majority of the states, awards to the corpus (remaindermen) the entire extraordinary dividend from earnings, if essentially a stock dividend, and to income (life estate) if essentially a cash dividend, without inquiry in either case as to the time covered by the accumulation of earnings which the dividend represents, and without undertaking to apportion the benefit in the event the earnings accrued partly before and partly after the stock became subject to the life interest. This rule is sometimes known as the rule in Minot's case and was first announced in Minot v. Paine, 99 Mass. 101, 96 Am.Dec. 705.

The Pennsylvania rule occupies a medium position between the extremes of the other two rules and inquires as to the time covered by the accumulation of earnings embraced by the extraordinary distribution. If earned before the commencement of the life estate, it goes to the corpus; if earned after that time, then to the life estate as income; if earned partly before and partly after the beginning of the life estate, it is apportioned on proper basis between the corpus and the income. The rule seems to have been first announced in The Case of Earp's Appeal, 28 Pa. 368.

Notwithstanding our previous adherence to the Kentucky rule, this Court, as presently constituted, is convinced that it is unsound. It fosters inequities, and usually ignores the intention of the testator where the life estate is created by will. The inequity of the rule is aptly illustrated by the facts of this case. The seventeen shares of stock in the Citizens Savings Bank at the time of testator's death were appraised at $200 per share, or a total of $3,400. The present value of the seventeen shares, by reason of the substantially smaller proportionate interest in the corporate assets which they represent, is $125 per share, or $2,125.

At one time the trend of the courts in the various jurisdictions seemed to be away from the Massachusetts rule. In fact, this trend continued until about 1930. However, during the last fifteen or twenty years the pendulum has swung in the opposite direction. The courts of last resort of several jurisdictions in which the question of distribution of extraordinary dividends was squarely presented for the first time have decided, with no little emphasis, in favor of the Massachusetts rule, commending it for its directness, simplicity, and ease of application. In addition to those states which have made it the rule by judicial interpretation, several states have adopted it by legislative enactment through the passage of the Uniform Principal and Income Act.

The basic argument in favor of the Massachusetts rule is the fact that a stock dividend is not in any true sense a dividend at all, since it involves no division or severance from the corporate assets of the subject of the dividend. A stock dividend does not distribute property but simply dilutes the shares as they existed before. There is no more reason in principle and justice for giving the life beneficiary any part of the new shares represented by the stock dividends, although declared wholly or in part from earnings accumulated during the life interest, or in denying him benefits therefrom (other than cash dividends which may be declared thereon during the continuance of the life interest), than there is in the case of accumulation of earnings by the corporation during the life interest without the declaration of any dividends at all.

We favor the adoption of the Massachusetts rule, with the provision that all cash dividends declared during the continuance of the life interest on the stock issued as a result of a stock dividend shall be payable to the life beneficiary. Not only does this view conform to a majority of the states which have considered the question but it is in harmony with the view of stock dividends taken by the Supreme Court of the United States. Gibbons v. Mahon, 136 U.S. 549, 10 S.Ct. 1057, 34 L.Ed. 525. It is also consistent with the position taken by the Supreme Court in holding that stock dividends representing surplus profits transferred to capital account are not income within the meaning of the Federal Income Tax Law, 26 U.S.C.A. § 1 et seq.

In fairness to the trial court, it may be emphasized that the judgment follows our prior opinions. However, since it is not in harmony with the views of this Court as presently constituted, it is reversed with directions to enter one in conformity with this opinion.