Arch M. DAVIS et al., suing on behalf of themselves and all others similarly situated, Appellants,

v.

COMMONWEALTH LIFE INSURANCE COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Leo T. Wolford, Louisville, for appellant.

Squire R. Ogden, Wm. H. Abell, Louisville, for appellee.

STANLEY, Commissioner.

This class action under the declaratory judgment statute, KRS, Chapter 418, was brought by the appellants, three stockholders of the Commonwealth Life Insurance Company, against the corporation and its president and secretary for the purpose of obtaining the rendition of a judgment declaring whether or not it is lawful to split up the corporate stock of the company into a greater number of shares. The proposed plan is to reduce the par value of the stock from $10 to $2 per share and to issue to the stockholders five new shares for each one now held by them. The proposal to increase the capital stock by $1,000,000 and declare a stock dividend is not involved.

The question submitted arises from a provision in the Insurance Code enacted by the General Assembly in 1950, Chapter 21, Acts of 1950 which is now Chapter 304 of the Kentucky Revised Statutes, the particular provision being Sec. 304.121, subsection (2) (c). The circuit court declared the proposed action to be legal. We affirmed the judgment by an order of November 4, 1955, and took time to prepare the opinion.

The Commonwealth Life Insurance Company was organized under Kentucky law in May, 1904, with a capital stock of $1,500,000, divided into 150,000 shares of a par value of $10. In 1951 the capital stock was increased to $2,000,000 and the number of shares to 200,000. This was effected by transferring $500,000 from the surplus of the company and issuing a stock dividend. It appears that the company's current surplus is around $9,000,000, and the market value of each share of its stock is approximately $200.

By an appropriate resolution, already adopted, the Board of Directors will submit

810

to the stockholders a proposition to amend the charter to increase the capital stock to $3,000,000. To accomplish that, it is proposed to convert each share of the $10 par value of outstanding stock into 5 shares of $2 par value and to declare a 50 per cent stock dividend on the converted shares so that one additional share will be received for each two shares of the reclassified stock. It is also proposed to pay a cash dividend upon the new stock.

It is conceded that the stockholders will accept the plan and authorize the amendment to the Articles of Incorporation to conform unless it is declared illegal.

The proposed transactions and charter amendment are being proposed in the belief that the increased number of shareholders will be beneficial to the corporation's business and good will and advantageous to the stockholders in the creation of a wider market and greater demand for the shares of stock.

Before the adoption of the present Kentucky Insurance Code, which became effective September 1, 1950, the statutes relating to the organization of a life insurance company did not prescribe any minimum limitation on the par value of stock to be issued, although the amount of the capital stock and the number of shares had to be stated. Sec. 618, Kentucky Statutes; KRS 296.090, 1948 edition. KRS 304.121 now prescribes the requirements for the incorporation of domestic stock insurers additional to the applicable law governing the incorporation of business corporations generally. The pertinent subsection (2) (c) reads: "Each share of capital stock shall have a par value of not less than ten dollars." The Code is a comprehensive revision of the statutes relating to the Department of Insurance, the organization of domestic insurance companies and the regulation and control of the business of insurance. There are provisions regarding the authority of existing companies continuing in business, (e. g. KRS 304.078) but we find none indicating a purpose to limit or affect existing charter rights except perhaps in respect of security of the policyholders and the regulation of

current business. The whole purport and intent of Article Four of the Act, being KRS 304.120 to 304.144 inclusive, relating to the incorporation of a domestic insurance company, seems to be prospective.

The split-up or change in the par value of each share of stock does not constitute and, indeed, is not in the nature of a reorganization of the company. It does not result in the impairment of the security of the policyholders or the assets of the company. Nor does it affect the proportional interest of the respective shareholders in the aggregate capital stock of the company. The new share will be a share in the same capital, being merely a conversion of existing units into a greater number for each shareholder. Cf. Bireley's Adm'rs v. United Lutheran Church in America, 239 Ky. 82, 39 S.W.2d 203.

The power of the corporation by proper procedure merely to reduce or change the par value of its outstanding shares of stock by amending its charter under general corporate law or under the previous statutes governing domestic insurance companies is not questioned. The par value was not fixed or limited by statute prior to the 1950 Act. It is elementary that in the construction of a statute the touchstone is the will or intent of the legislature. But that state of mind must be expressed or reasonably implied in the language used. What is not said may be of as much significance as what is said. We may suppose that the reason for the requirement of the 1950 Act that the par value of an insurance corporation shall not be less than $10 has some relation to the stability of an initial capital structure, which ordinarily demands stricter regulation than where stability is already established. If the legislative intent was to exercise some sort of reserve power (see Sec. 3, Ky.Const., KRS 271.600) and make the provision applicable to existing corporations which all along have had the power to reduce and to issue stock of less than the minimum par value, that intent was not expressed. The language used, as well as the omission, reasonably implies an intent to confine the limitation to

the organization of new corporations. The courts presume that statutes or amendments thereof operate prospectively only and will so construe an Act if it is susceptible of such interpretation. Lawrence v. City of Louisville, 96 Ky. 595, 29 S.W. 450, 16 Ky. Law Rep. 672, 674, 27 L.R.A. 560, 49 Am. St.Rep. 309; Dunlap v. Littell, 200 Ky. 595, 255 S.W. 280.

It is, of course, not necessary in this case to express an opinion as to whether or not a corporation organized since September, 1950, can by amendment of its charter reduce the par value of its stock below $10 a share. It will be time enough to decide that when a case presenting the question comes before us.

We conclude that the judgment declaring that the Commonwealth Life Insurance Company may legally reclassify each of its presently outstanding $10 par value shares of capital stock into 5 shares of new $2 par value capital stock should be and it is

Affirmed.