**Billy Ray TAYLOR, Appellant,**

v.

**T. Ed ASHER, Jailer of Bell County, Appellee.**

Court of Appeals of Kentucky.

Sept. 10, 1958.

Rehearing Denied Dec. 12, 1958.

R. R. Boone, J. J. Tribell, Pineville, for appellant.

Jo M. Ferguson, Atty. Gen., H. D. Reed, Jr., Edward L. Fossett, Asst. Attys. Gen., Martin Wilson, County Atty., Logan E. Patterson, Pineville, for appellee.

STANLEY, Commissioner.

In this state the method of probating a person convicted of a criminal offense is by postponing entry of the final judgment and sentence upon the verdict. KRS 439.260, formerly 439.020. Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. Probation, its conditions and revocation are within the court's discretion. Ridley v. Commonwealth, Ky., 287 S.W.2d 156.

In June, 1952, the appellant, Billy Ray Taylor, was convicted of voluntary manslaughter, and the verdict imposed a penalty of five years' imprisonment. The court entered an order on July 5, 1952, probating the defendant for a period of seven years upon specified conditions. On motion of the Commonwealth to set aside the order of probation, the court heard evidence, found the defendant had violated the terms of his probation, and on June 4, 1958, set aside the order of probation and entered judgment upon the verdict which had been returned in June, 1952. The defendant was ordered held in the Bell County jail awaiting transportation to the penitentiary. He filed a petition for writ of habeas corpus for release from custody upon the ground that under a 1956 amendment of the statute his period of probation had terminated, by operation of the law, at the end of five years from the date of the verdict, and the court

was without power to enter judgment thereon. The court denied habeas corpus and the petitioner has appealed.

When the appellant was probated in 1952, the statute placed no limitation of time. Fixing the period was within the discretion of the trial court. The statute provided that upon the satisfactory fulfillment of the conditions of probation, the court, by order, should discharge the defendant. KRS 439.-060 (Acts of 1942, Ch. 96, §§ 8, 9). In 1956 the statute relating to probation, parole and conditional release of persons convicted of crime was repealed and re-enacted with modifications and amendment. Acts of 1956, Ch. 101, now KRS 439.250 to 439.990. The re-enacted statute prescribes a maximum period of five years of probation as follows:

"The period of probation shall be fixed by the court and at any time may be extended or shortened by the court by order duly entered. Such period, with any extensions thereof, shall not exceed five years, * * *. Upon completion of the probationary period the defendant shall be deemed finally discharged, provided, no warrant issued by the court is pending against him, and probation has not been revoked." KRS 439.270.

The mandatory nature of the section is to be noted.

It is a principle of statutory construction that retroactive effect or retrospective application of an act will not be given or made unless the intent that it should be is clearly expressed or necessarily implied. Davis v. Commonwealth Life Insurance Co., Ky., 284 S.W.2d 809, 54 A.L.R.2d 1286. Indeed, we have a general statute which so declares. KRS 446.080(3). See also KRS 446.110 as to a new law not repealing a former law and not affecting a penalty or punishment incurred or right accrued or claim arising under a former law. But the intention that the 1956 Act should be applied retrospectively is clearly expressed by § 29, now KRS 439.530, which reads:

"The provisions of KRS 439.250 to 439.560 are hereby extended to all persons who, at the effective date thereof, may be on probation or parole, or eligible to be placed on probation or parole under existing laws, with the same force and effect as if KRS 439.250 to 439.560 had been in operation at the time such persons were placed on probation or parole or became eligible to be placed thereon as the case may be."

The question is whether or not a retrospective application of the 1956 limitation of a maximum period of five years' probation would breach the wall of separation between legislative and judicial powers.

There is a blending of coordinate legislative and judicial powers in the processes and procedure of the courts. Throughout the years, a respectful regard for these respective powers has resulted in a remarkable degree of harmony and in orderly administration of justice. The exercise of strictly judicial power is conferred or assigned by the Constitution to the courts as a separate magistracy. § 109, Ky.Const. In this sphere judicial power, exercised within the court's jurisdiction, is supreme and may not be impaired. But what is a judicial function and what is not is often difficult to determine, and many nice distinctions may be made. Deference for a valid act of the Legislature is always accorded by the courts in cooperating to carry out the purposes of the Constitution so long as the act does not invade inherent judicial power. Burton v. Mayer, 274 Ky. 263, 118 S.W.2d 547.

It has been said that the fact that a power was conferred by the Legislature upon a judicial tribunal in the first instance is itself a legislative recognition of its judicial character. City of Zanesville v. Zanesville Tel. & Tel. Co., 64 Ohio St. 67, 59 N.E. 781, 52 L.R.A. 150, 83 Am.St.Rep. 725, cited, 11 Am.Jur., Constitutional Law, § 204.

Here the Legislature has first and last recognized probation to be a judicial function. And this court is among those courts which have recognized that it is within the inherent power or discretion of a trial court to defer sentence, at least temporarily and reasonably, after a verdict of guilty, although the court may not suspend the execution of the judgment. Huggins v. Caldwell, 223 Ky. 468, 3 S.W.2d 1101; Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. See 15 Am.Jur., Criminal Law, § 499; 24 C.J.S. Criminal Law § 1571. But where there is a statute, the court, in exercising its power to suspend sentence for the purpose of probation, must do so as prescribed by the statute and within the limitations set by the statute. 24 C.J.S. Criminal Law § 1571, pp. 51, 52. In the instant case, the order fixing seven years as the term of the defendant's probation was a judicial act, authorized by the statute then in force, and the probation with all its conditions was accepted by the defendant.

■ It would seem apparent in declaring a retroactive application of the maximum probation period the Legislature was encroaching upon a judicial function and power which had already been exercised. Such application in the present case would, by mere legislative fiat, vacate the court's order against the court's discretion.

■ It is well settled that the Legislature is without constitutional power to invade the province of the judiciary by setting aside, modifying or impairing a final judgment rendered before the passage of the Act. City of Paris v. Kentucky Utilities Co., 280 Ky. 492, 133 S.W.2d 559; 16 C.J.S. Constitutional Law §§ 128, 271; 15 Am.Jur., Constitutional Law, § 211. In Note, 3 A.L.R. 457, it is said, upon authority of several cases, "The Legislature has no power to pass an act reducing for good behavior the sentences of prisoners convicted before the passage of the act." The question we have here is whether the same rule should apply to an order interlocutory in nature but potentially or conditionally final. The precise point has not received judicial consideration so far as our research has developed.

■ Now, the probation order of court was and is the suspension of an active proceeding in a criminal prosecution. It dispensed with the necessity of entering continuances on the docket and left it within the power of the court to bring the case forward and to pass any lawful order or judgment therein. 24 C.J.S. Criminal Law § 1571, p. 50. In this case, under the statute further action was left to the discretion of the court if the terms or conditions of probation were not observed. But the order partakes of finality because "a probationer * * * complying with the terms and conditions of his probation during the period of probation is entitled to a discharge at the expiration of such period." 24 C.J.S. Criminal Law § 1571. Our Legislature has so ordained within its constitutional power to define crimes and prescribe penalties and, generally, to enact all laws in relation thereto which it deems expedient. KRS 439.060, presently KRS 439.270.

Mr. Cooley, following comment upon the basic principle that legislation declares what the law shall be in the future, and upon the absence of legislative power to control past action of the courts indirectly, adds: "[I]t is very plain it cannot do so directly by setting aside their judgments, compelling them to grant new trials, ordering the discharge of offenders, or directing what particular steps shall be taken in the progress of a judicial inquiry." Cooley's Constitutional Limitations, p. 192.

It is said in 11 Am.Jur., Constitutional Law, § 206: "Any legislation that hampers judicial action or interferes with the discharge of judicial functions is unconstitutional."

There may be some provisions of the Act of 1956 revising the parole and probation laws which may be properly applied retrospectively, or which may alter conditions created under former law. But, obviously,

we have not considered any part of the Act other than that which relates to the present question. We confine our decision to the particular provision as it would affect or nullify an active and current order of court, still in process of being performed.

Accordingly, we hold the denial of habeas corpus and the entry of judgment upon the verdict rendered in 1952 are proper.

Judgment affirmed.