Joan D. KINCAID, Appellant,

v.

CENTRAL BANK AND TRUST COMPANY, a Kentucky Corporation, as Executor of the Estate of Garvice D. Kincaid, Deceased; W. E. Burnett, Jr., E. F. Schaeffer, Jr., and H. Hart Hagan, Jr., as the membership composing the unincorporated Advisory Committee under the Will of Garvice D. Kincaid, Deceased; General Management Associates, Inc., a Kentucky Corporation; and H. Hart Hagan, Jr., Individually and as President of General Management Associates, Inc., Appellees,

and

Jane Kincaid NICKELL, now Jane Kincaid Johnson, Appellant,

v.

CENTRAL BANK AND TRUST COMPANY, a Kentucky Corporation, as Executor of the Estate of Garvice D. Kincaid, Deceased; W. E. Burnett, Jr., E. F. Schaeffer, Jr., and H. Hart Hagan, Jr., as the membership composing the unincorporated Advisory Committee under the Will of Garvice D. Kincaid, Deceased; General Management Associates, Inc., a Kentucky Corporation; and H. Hart Hagan, Jr., Individually and as President of General Management Associates, Inc., Appellees.

Court of Appeals of Kentucky.

Dec. 19, 1980.

D. Paul Alagia, Jr., Ronald L. Gaffney, Barnett & Alagia, Louisville, Paul E. Sullivan, Lexington, for appellants.

Harry B. Miller, Jr., Charles R. Hembree, Lexington, for appellees.

Before GANT, COOPER and REYNOLDS, JJ.

GANT, Judge.

Appellants are the two daughters of Garvice D. Kincaid, both of whom gave to their father certain options, dated June 28, 1973, for the purchase of the common capital stock of several banks, the options being for four years. Garvice died November 21, 1975, without having exercised any of these options, but under his will he expressly authorized appellee Central Bank, as his executor, to exercise any options he owned on common stock of any company. It should be noted here that these options each contained the provision that it "shall be binding upon and inure to the benefit of the respective heirs, personal representatives and assigns of the parties hereto," in contrast with the option which was the subject of the action of *Kincaid v. Central Bank and Trust Co.*, Ky.App., 27 Ky.L.Summ. 1 (1/16/80), discretionary review granted 10/28/80, 609 S.W.2d 365. In addition, there were two "put and call" options given to "G. D. Kincaid, his heirs and assigns" by Jane K. Nickell, now Johnson.

For some reason, these above-mentioned options were not discovered for many months after Kincaid's death, but immediately after discovery, and on November 11, 1976, appellants notified the executor that they were terminating, withdrawing and cancelling these options and demanded return of the stock certificates. Upon refusal, this action resulted, the lower court granting summary judgment to the appellees. We affirm.

■ Appellants argue that the option agreements were invalid and unenforceable for several reasons. First, they argue that the options did not bear the signature of, nor were they otherwise accepted by, Garvice D. Kincaid. We must first look at the legal significance of an option. As set out in 17 Am.Jur.2d *Contracts* § 32, p. 369:

It is generally understood that an offer which is to be kept open for a certain time, or a proposal made to be accepted within a specified time, is a continuing offer. A continuing offer upon a sufficient consideration is usually termed "an option." An option may be defined as an agreement by which one binds himself to perform a certain act, usually the transfer of property, for a stipulated price within a designated time, leaving it to the discretion of the person to whom the option is given to accept upon the terms specified. The view is taken that the option consists of two elements: one, the offer to perform a certain act, such as to sell property, which is an uncompleted contract until it is accepted, and the other, the agreement to give the optionee a certain time within which to exercise his option of accepting.

Or, as stated in 77 Am.Jur.2d *Vendor and Purchaser* § 32, p. 212:

If there is sufficient consideration for an option or agreement to have an offer remain open for acceptance for a certain time, this is a binding option contract; the offer cannot be withdrawn before such time has elapsed, and if such an option or continuing offer is duly exercised or accepted within the stated time, a binding agreement of sale arises notwithstanding any attempt of the vendor to withdraw his offer to sell.

Thus we see that the failure to accept by Garvice D. Kincaid, prior to his death in 1975, is of no consequence. The option, by its own terms, could be accepted by the "heirs, personal representatives and assigns" of Garvice D. Kincaid at any time within the four-year term of the option.

Relating to the absence of the signature of Garvice D. Kincaid, this is adequately covered in 77 Am.Jur.2d *Vendor and Purchaser* § 32, pp. 212, 213, which states:

Where an option . . . is based upon a cash consideration and does not purport to obligate the optionee to do anything, it is generally held that there is no intention that the option be signed by the optionee and that apart from any requirement of the statute of frauds, it is binding upon the optionor notwithstanding that it is not signed by the optionee.

■ Appellants next argue that there was insufficient consideration for the option. This, of course, is refuted by the options themselves, which recite "One Dollar ($1.00) and other valuable consideration, the receipt of which is hereby acknowledged . . ." Under Kentucky law, this creates a presumption of consideration, which, under KRS 371.030 and applicable case law, may be rebutted by clear and convincing evidence. Although appellants seek to testify about the transactions, such testimony is clearly barred by the "dead man's statute," KRS 421.210(2). There is no other evidence on lack of consideration offered.

■ The final basis for the argument that the options were invalid and unenforceable is that upon exercise of the options the optionee would be in violation of KRS 287.030(3), which statute prohibits the ownership of over 50% of the stock in any bank. This argument is refuted in *Banco Kentucky's Receiver v. Louisville Trust Co.'s Receiver*, 263 Ky. 155, 162, 92 S.W.2d 19 (1936), which held that the statute did not render the transaction void. The obvious answer would be divestiture, not invalidating the sale.

Appellants next argue that, even though the court found the options valid and enforceable, each option is for a specific number of shares and all stock dividends should be excluded from the option. We are persuaded that *Bowles v. Stilley's Ex'r.*, Ky., 267 S.W.2d 707 (1954), and the adoption by the legislature of the Uniform Principal and Income Act, KRS 386.190 et seq., are definitive of stock dividends when they are simply a dilution of the shares as they existed before. *See Bowles*, at p. 708. As appellees argue, it is of no consequence whether 100 pounds of grain is in ten (10) pound bags or twenty five (5) pound bags. Where stock dividends are paid so that they represent a transfer from prior (as distinguished from current) earnings to the capital and surplus accounts, and thus merely dilute the present stock, those dividends are principal and not income, and are thus covered by an option to sell.

The final issue in the case of Jane Kincaid Nickell, now Johnson, involves put and call options extended to Garvice. It is our opinion that the words "G. D. Kincaid, his heirs and assigns" clearly establish that these options were alienable and could be exercised by his executor. Nor do they violate the rule against unreasonable restraints on alienation. *Cf. Three Rivers Rock Co. v. Reed Crushed Stone Co., Inc.*, Ky., 530 S.W.2d 202 (1975).

The summary judgment herein is affirmed.

All concur.