COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,

v.

WAYFARA, INC. and Paul and Elizabeth Hamm; Stanley and Lisa Copelin, and Harry Gaddie; and Stuckey's, Inc., Appellees.

COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,

v.

WAYFARA, INC. and Charles Blakey, Ollie Lee Spencer and Louis Gardner; and Stuckey's, Inc., Appellees.

COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,

v.

WAYFARA, INC. and Hilliard Alvey, Raymond Ward, and Everett and Blondie Gaddie; and Stuckey's, Inc., Appellees.

Nos. 90–CA–2664–MR, 91–CA–450–MR and 91–CA–472–MR.

Court of Appeals of Kentucky.

May 15, 1992.

Discretionary Review Denied by Supreme Court Dec. 9, 1992.

Brent J. Potter, Reynolds, Catron, Johnston & Hinton, Bowling Green, Charles D. Moore, Jr., Transp. Cabinet, Frankfort, for appellant.

Ronald L. Gaffney, Mark A. Smedal, Alagia, Day, Marshall, Mintmire & Chauvin, Irvin Abel, III, Alice B. Herrington, Brown, Todd & Heyburn, Louisville, for appellees.

Before HOWERTON, STUMBO and WILHOIT, JJ.

WILHOIT, Judge.

These consolidated appeals are from judgments of the Hardin, Hart, and LaRue Circuit Courts dismissing the appellant's actions by which it sought fines and removal of billboards erected near an interstate highway before 1976 and renovated in 1981 allegedly in violation of the "Billboard Act" (KRS 177.830 through 177.890) as it read in 1981.

The only question raised is whether an amendment to the Billboard Act enacted by the General Assembly in 1990 as House Bill No. 816 changing the definition of "urban area" should be given retroactive effect so as to authorize the continued prosecution of these actions which were begun under the Billboard Act before the 1990 amendments.

Apparently House Bill 816 was passed in response to the decision in *Diemer v. Commonwealth, Transp. Cabinet, Dep't of Highways,* Ky., 786 S.W.2d 861 (1990) in which the Kentucky Supreme Court held that KRS 177.841(2), governing the erection of "any advertising device located outside of an urban area," was void for vagueness because the term "urban area" was open to an infinite variety of interpretations, and KRS 177.830(10), permitting the secretary of the Transportation Cabinet to determine by official order what constituted an urban area, was an unconstitutional delegation of legislative authority to the head of an agency of the executive branch of government. House Bill 816 then refined the definition of "urban area" used in KRS 177.830(10) and provided that the new definition "shall extend to all applicable outdoor advertising devices erected after January 1, 1976." 1990 Ky.Acts Ch. 398 § 2 (codified as KRS 177.842).

The appellees successfully argued in the courts below that the language in House Bill 816 extending the definition of "urban area" to advertising devices erected after 1976 was intended only to identify the advertising devices to which the amendment applied, rather than to make the definition of urban area retroactive to 1976.

KRS 446.080(1) provides that "[n]o statute shall be construed to be retroactive, unless expressly so declared." We find nothing in House Bill 816 which we believe expressly states the new definition of "urban area" shall be retroactively applied to a situation where penalties are sought for actions which took place in 1981 and which were then illegal based upon a definition which our Supreme Court subsequently found to be unconstitutionally vague. Contrary to the appellant's argument, the statute discussed in *Taylor v. Asher,* Ky., 317 S.W.2d 895 (1958), was not similar to that before us. The former KRS 439.530 discussed in *Taylor* provided that newly enacted statutes would apply to all persons on probation or parole at the effective date of the new statutes as if the new statutes "had been in operation at the time such persons were placed on probation or parole," thus expressly stating the retroactivity of the new statutes. No such clear expression of a legislative intent of retroactivity of House Bill 816 under the present circumstances can be found.

The judgments of the trial courts are affirmed.

All concur.